

LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
40 Wall Street, 28th Floor
New York, NY 10005
Tel.: 212-400-7160
Fax: 212-400-7162
*Attorneys for Plaintiff*

**08 CV 02782**



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

ROMULO SERRANO, on behalf of himself and
others similarly situated,

        Plaintiff,

v.

CONCOURSE SUDS, LLC d/b/a Candlewood
Auto Mall,

        Defendant.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

    Plaintiff, ROMULO SERRANO (hereinafter, "SERRANO" or "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorney, hereby files this Complaint against Defendant, CONCOURSE SUDS, LLC. d/b/a Candlewood Auto Mall (hereinafter, "CONCOURSE SUDS" or "Defendant"), and states as follows:

### INTRODUCTION

    1. Plaintiff, SERRANO, alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendant: (1) unpaid minimum wages (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees.

1

2. Plaintiff, SERRANO, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendant: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid "spread of hours" payments for each day he worked ten or more hours, (4) liquidated damages equal to twenty-five percent of the sum of his unpaid minimum wages, his unpaid "spread of hours" payments and his unpaid overtime, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, SERRANO, is a resident of Bronx County, New York.

6. Defendant, CONCOURSE SUDS, is a corporation organized under the laws of New York, with a an address for service by the Department of State listed as: c/o Zeichner Ellman & Kraus LLP, 575 Lexington Avenue New York, New York, 10022.

7. Plaintiff was employed by Defendant and/or its predecessors in Bronx County, New York from 1995 until January 2008.

8. At all relevant times, CONCOURSE SUDS was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff, SERRANO, was directly essential to the business operated by Defendant, CONCOURSE SUDS.

10. At all relevant times, CONCOURSE SUDS knowingly and willfully failed to pay SERRANO his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

11. At all relevant times, CONCOURSE SUDS knowingly and willfully failed to pay SERRANO his lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

12. At all relevant times, CONCOURSE SUDS knowingly and willfully failed to pay SERRANO his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

13. Plaintiff, SERRANO has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

14. In 1995, Plaintiff, SERRANO, was hired by Defendant and/or its predecessors to work at Defendant's carwash facility located at 676 Grand Concourse, Bronx, NY 10451.

15. Plaintiff, SERRANO, worked for the Defendant shampooing carpets and drying cars at the 676 Grand Concourse facility from 1995 to January 2008.

16. During SERRANO's employment by Defendant, he generally worked well over forty (40) hours per week, averaging around eighty (78) hours a week.

17. During Plaintiff's employment by CONCOURSE SUDS, he was paid a maximum of $250 per week.

18. CONCOURSE SUDS knowingly and willfully operated its business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

19. CONCOURSE SUDS knowingly and willfully operated its business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

20. CONCOURSE SUDS knowingly and willfully operated its business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

21. Plaintiff retained the Law Offices of Robert L. Kraselnik, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. Plaintiff realleges and reavers Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

24. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

25. Upon information and belief, at all relevant times, CONCOURSE SUDS has had gross revenues in excess of $500,000.

26. Plaintiff, SERRANO, was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

27. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty hours per workweek.

28. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

29. Plaintiff, SERRANO, worked hours for which he was not paid the statutory minimum wage.

30. At all relevant times, the Defendant had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

31. Defendant failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.

32. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, SERRANO, at the statutory rate of time and

one-half for his hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

34. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, SERRANO, minimum wages for hours worked when they knew or should have known such was due.

35. Defendant failed to properly disclose or apprise Plaintiff, SERRANO, of his rights under the FLSA.

36. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff, SERRANO, is entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff, SERRANO, suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime wages, plus an equal amount as liquidated damages.

38. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

39. Plaintiff realleges and reavers Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

41. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

42. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

43. Defendant willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked 10 or more hours.

44. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SERRANO, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against CONCOURSE SUDS and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

    d.    An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

    e.    An award of unpaid "spread of hours" premium due under the New York Labor Law;

    f.    An award of liquidated and/or punitive damages as a result of CONCOURSE SUDS'S willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

    g.    An award of liquidated and/or punitive damages as a result of CONCOURSE SUDS'S willful failure to pay minimum wages, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law;

    h.    An award of prejudgment and postjudgment interest;

    i.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    j.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.